UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE: SUBPOENA TO TANGOME, INC.
N-18-3-21 (Control #64)

Case No. 3:19mj 556 (RMS)

**Filed Under Seal**

FILED
2019 APR -1 P 3:58
U.S. DISTRICT COURT
NEW HAVEN, CT.

**APPLICATION FOR ORDER COMMANDING TANGOME, INC.
NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SUBPOENA**

On October 23, 2018, at the request of the United States, the Court issued an order directing TangoMe, Inc. ("TangoMe"), not to notify any person (including the subscribers and customers of the account(s) listed in the subpoena) of the existence of a subpoena issued to TangoMe (N-18-3-21, control #64) for six months, i.e., until April 23, 2019. The United States now requests that the Court extend the non-disclosure order for another six months, i.e., until October 23, 2019.

TangoMe is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the subpoena, which requires TangoMe to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the subpoena relates to an ongoing criminal investigation that that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. The investigation relates to a suspected ongoing securities fraud "pump and dump" scheme involving, among other individuals, the subscribers and customers of the account(s) listed in the subpoena. Since the original non-

disclosure order was issued on October 9, 2018, the investigation has progressed significantly, but it remains covert. One of the targets of the investigation currently resides in the United States, but is not a U.S. citizen and maintains ties to a foreign country. Accordingly, there is reason to believe that notification of the existence of the subpoena will seriously jeopardize the investigation, including by giving targets an opportunity to flee from prosecution, destroy or tamper with evidence, or change patterns of behavior. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the subpoena, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing TangoMe not to disclose the existence or content of the subpoena until October 9, 2019, except that TangoMe may disclose the subpoena to an attorney for TangoMe for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Executed on March 29, 2019

DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct20962
United States Attorney's Office
157 Church Street – 25th Floor
New Haven, CT 06510
Douglas.Morabito@usdoj.gov